This page 15 works with 3, 1 of Montgomery, 1 of Kraft, and 12, but is limited to all with common or general interest, any person injured, and all others similarly situated. Good morning, may it please the Court, Tim McCarthy on behalf of Plaintiff Appellant. I'd like to reserve 5 minutes if I may. I feel somewhat obliged to address the two issues most recently briefed by the parties and about which the Court inquired prior to today's hearing, those being the standing issue and the question of life after risk, Rule 68 offer for the plaintiff, for lack of a better term. With respect to the standing issue, we believe that under Roper, Garrity, this Court's Petrie or Petrie decision, there can be little question that where a plaintiff, irrespective of whether individual claims have expired or been adjudicated below, a plaintiff with a personal stake, an ongoing stake in litigation, absolutely retain standing to continue representing the interests of a putative class. And I'm not aware of any precedent from this Court or any other circuit that would say otherwise. One question on the Rule 68 point, which I guess I want to ask both of you. I mean, as luck would have it, the U.S. Supreme Court is hearing arguments today in this case called Campbell-Uwald, and I'd be curious what your position is in terms of whether it would be wise for us to wait for that decision or not. My preference would be not, but I think it's a good point. It certainly may provide some insight into the issue. Affirmatively ambivalent. Yeah, yeah. Okay, that's fine, that's fine. With respect to the warranty issue, you know, I initially struggled a bit with that, and in reviewing the issue last night, I sort of came to the conclusion that perhaps it's less of an issue than I initially thought it was. In Michigan, I think the cases are clear that an express warranty is simply a representation that's made which becomes a part of the basis of a bargain. The privity issue, which defendants pressed below and continue to argue here, I think may be a false dilemma in this case. I mean, I think it goes without saying that Michigan and many, many other states have and would agree that the old notion of privity, vertical privity, is largely obsolescent and irrelevant in today's modern consumer marketplace, in which most transactions involve many intermediaries and in which most consumer transactions involve the use of a passive retailer. And as I look at Michigan's precedence on the issue, what the cases seem to say is that where in the consumer context, where we have a purchaser who was the original retail purchaser of the good, we have what essentially is the modern-day equivalent of privity. And the Michigan Court of Appeals has expressly stated that when there are warranties or representations which accompany a product at that point, the point where the product reaches its first retail purchaser, the privity requirement is satisfied. And certainly the spirit of privity, I think, would clearly be satisfied because privity is, I think, by definition based on contract, and therefore there must be some context in which a representation is made from one party to another. In a consumer transaction, that context is the purchase of a product that comes with representations, warranties, statements, things of that nature. I'd like just briefly to address the class certification issue, and I don't want to restate what's in the briefs. But we have, on the other side, two consumer-facing companies who marketed, clearly marketed, sold a device, representing, emphasizing that it could produce Starbucks coffee, which to some may see- And that's the logo? What's the- Indeed, was part of the container, the carton that the product is sold in, on the front panel of the container, it included the Starbucks trademark. And I don't think it's even disputed factually that this was central to their entire business venture, was promoting the ability of this particular brewer to brew Starbucks coffee, which to some may seem like a trivial issue. But it's indeed a big- Not the people who drink Starbucks. And I'm one of them, but it was clearly something they recognized as having a great deal of value for the consumer. Well, what's a case that says a logo's a warranty? Well, I think under Michigan's statutory definition, which I think comes through- No cases, but tell me the statutory language that you think gets you there. Yeah, the statutory language, and I'm paraphrasing, is that it's simply a representation or an affirmation or a model or a presentation of some fact. That's under Michigan's, what's essentially its state model UCC Act. And here, there's no dispute that this was a representation on the packaging of the product. But I mean, you eat Wheaties, it doesn't mean you become an Olympic gold medal winner. I mean, that's a bit of a stretch. True enough, but Wheaties, at least I don't eat Wheaties, but I probably should. But I don't think the boxes actually represent to the consumer that they provide that benefit. The question would be whether displaying an Olympic gold medal winner, that's a reasonable inference that could be drawn. Here, it expressly states, and I don't think it's even in dispute, that that was the promise that was made. I mean, most it says is it was not necessarily true later on. It wasn't untrue at the time it left them, right? It indeed was untrue at the time this particular purchaser bought the product. And for others, it would have become false very, very soon. Wait, you're saying what had already happened? It was already publicly disclosed that they'd backed out? I'm not sure that it was publicly disclosed, but it was through discovery we've learned that the deal was long dead between Kraft and Starbucks while the products were still continuing to be sold for quite an extended period. And there was no action taken to remedy the packaging or to do anything about it. And at the very same time, both appellees were receiving voluminous complaints from their customers about the singular issue, there's no Starbucks, and this is the one you guys said could be Starbucks. I think this court's very recent decision in Rikos, and I don't know if the S is silent. You know, you read Rikos and it's point for point. The defendant's position contradicts everything this court has said in Rikos. And I think, actually, Your Honor, Judge Cook's dissent in that case, which I found to be very persuasive, I think provides a good lens for addressing another issue in this case. In Rikos, and I think other false advertising cases, yogurt cases that say a product has digestive benefits, that sort of thing, there is the issue of what a plaintiff's burden is at the point of certification to prove that the alleged false statement is in fact false. And it's an important issue because one defendant turns on the other. If the statement isn't false, then there is no misrepresentation. And indeed, I think a plaintiff does have a burden. One would think a burden that would at least exceed the burden a plaintiff would face on summary judgment of establishing a factual issue to show some likelihood of success on that substantive question, was the statement false. Here, and if I may direct this statement to you, Judge Cook, I think the issue is much simpler, and I would hope that in this case, this case doesn't give you the same pause that you had in the Rikos case because the false statement here, which is the threshold injury that I think the plaintiff has to establish can be proven through a common corpus of facts, is an objective. We've already discussed, though, this threshold here is what was the statement. Yeah. It's a picture on the box. Well, and I think the discovery record supports, and they've admitted that this was the very... It's what they intended. Yes. It fell through, and so the problem becomes the unavailability later to use with this machine. So what I would say is that, in this case, is the threshold injury, not the degree subjectively to which each individual class member loves Starbucks. That's a secondary issue that needn't be resolved at the certification stage. Here, the threshold injury is, was the statement made and was the statement false? And they've admitted as such through actual litigation in which they took positions directly contradictory to their positions in this case.  Thank you. Thank you. It's really hot upstairs. Good morning, Judge Boggs. May it please the Court. My name is Aaron Panner. I represent Starbucks, and I'm appearing on behalf of the defendants here. I'd like to start with the jurisdictional issue, and then I'd be happy to address any questions regarding the class certification decision or any of the underlying merits if the Court has questions about that. Now, under the Supreme Court's decision in Roper, a plaintiff cannot establish standing to appeal denial of class certification simply by relying on her interest as a representative of the class. She must have a personal stake in the class certification decision. The plaintiff here has no, has not shown any such stake. Her claims were settled when she accepted the Rule 68 offer, and I think one of the things I want to emphasize, and I think the reason why Campbell-Uold is really not something the Court needs to wait for, Campbell-Uold involved a situation where the plaintiff did not accept the offer. And so here we do have an offer. It did occur within the context of a Rule 68 process that the District Court set into motion. But in fact, there was an offer. It was accepted by the plaintiff, and it was on that basis that the Court entered judgment. And that was a judgment then in her favor, according to the terms that she had accepted as full satisfaction for her individual claims. So you say Campbell-Uold doesn't make a difference. So what's your next step? Is your next point, well, how can you have a class certified with this plaintiff if the plaintiff's already got relief? Is that going to be your next point? Actually, Your Honor, I don't think we get there, although the Petrie decision raises that as being a problem. If the standing issue were to come out the other way, it raises all kinds of problems. Let me say that the Court framed a question in the letter regarding if a plaintiff has a fee-shifting interest, is that sufficient to create standing? And in our response, I think that we emphasized the point that, well, the plaintiff does not have a fee-shifting interest here because any claim to attorney's fees that she had was satisfied through the judgment. And indeed, she seems to have dropped any challenge to the judge's resolution of the attorney's fees issue, except as ancillary to the question whether there should have been a class. And so she doesn't have, and there's no evidence, and of course the burden is on the appellant to establish jurisdiction and standing. There's no evidence that she has any interest in how the class certification question would be resolved down the road. She no longer has that interest. So the question of whether there are other reasons why it would be inappropriate to allow an appeal to go forward in this posture doesn't even arise. But certainly the Fourth and the Eighth Circuits have taken an even more categorical view and have said, look, if a plaintiff settles their individual claim, I don't care anymore what they claim is their interest with regard to class certification. That's a situation where you just don't get to go forward as an appellant with respect to the class certification decision anymore. And the court didn't have to reach that question in Petrie, and I submit it doesn't have to reach it here, precisely because the plaintiff has not established any interest, any personal stake, to use the words of Roper, in that case. So this is a case that is certainly a fortiori and has other differences from Campbell-Uwald, and that's why I think this court, relying squarely on the prior decision of the court in Petrie, can resolve this case. You were saying that she has no continuing interest. Is the underlying litigation still going on so that the class certification denial could be appealed by somebody? No, Your Honor. Well, then is the remedy, if there's no standing, that we vacate under Monsingware the district court class certification decision? I don't think so. I don't think it would make a difference, though, Your Honor. You say it's not still going on. What happened? The class certification was denied. That was not appealed. There was no 23F appeal. So the case went forward on an individual basis and then was settled, and judgment was entered on the basis of the agreement between the parties. Well, but that's as to anybody else, or there was nobody else? No, there is nobody else at that point. So as a practical matter, if there is no class certification appeal here, then the class certification decision is simply a procedural decision in the course of that litigation that would or even if vacated, there's nobody to do anything with it. Yeah, but why isn't it binding law that a class with respect to this claim can't be certified? I'm not sure who it would bind, Your Honor. In other words, there's certainly a district court precedent, but a decision about I guess that's what I mean. It's a precedent. That's true, and if the court wanted to So you would just say go to another district. If you're in the potential class, you don't like this decision, no worries. Just go to another district. There's no binding effect. It doesn't even bind some other district judge, does it? No, that's what I'm saying. That's the answer. In the same district, you get assigned to a different judge. And, Your Honor, I'm sorry if I interrupted, but indeed the same judge on a different record could reach a different decision. So one of the issues that was critical to the class certification decision, and I'm happy to spend as much time on it as Your Honors would like, but I don't think I need to spend... The point being that the plaintiff simply failed to present any evidence to show that he could, through common evidence, establish any of the elements of the claims. That would have applied as well to any of the warranty claims. He simply did not show. We're talking about a decision to purchase a brewer that has many capabilities that would have been attractive to consumers, and it's over a course of a period when, at the beginning of the class period as defined, the relationship was existing, and there's no claim that the representation on the box was not accurate as to the existence of that relationship. My opposing counsel has made a number of statements regarding what defendants don't dispute. I don't want to take up the Court's time, but certainly we don't dispute... I mean, we do dispute many of the statements that he's made regarding the representations that were made, their materiality. So just to provide another example, later in the process there was evidence that there had been a campaign to put stickers on some of the boxes to cover the logo, as an example. So you would have to litigate on an individual basis where a particular purchaser bought the brewer. There was evidence that the fact of the termination of the relationship, which primarily concerned things other than this brewer, I should note, was very well publicized, so a purchaser might have had actual knowledge, subjective knowledge, that this was not going to be available. Why isn't it a fair inference that the Starbucks logo on this thing implies that you can use Starbucks? That seems pretty fair to me. Your Honor, I don't think that the basis for the decisions on the merits by the District Court and the decision to deny class certification did not rise or fall on that question. First of all, it would not be reasonable for somebody who knew subjectively that the discs were not available to rely on the fact that there was an older box that had a picture of it. It would not be a representation if the logo were covered up. It would not be a representation that would be material or a basis of the bargain in a circumstance in which a purchaser did not intend to use Starbucks coffee, but instead intended to brew, for example, a hot chocolate beverage, just as examples. So there were a host of individualized issues that would have had to be resolved, and there was no effort, no evidence, no showing, which is the burden of the plaintiff at the 23B3 class certification stage, to explain to the district judge, here's how I'm going to overcome that plethora of individualized issues through common proof. There was nothing that was presented to the court, and the court said in resolving these issues, you say, plaintiff, you say this matters to everybody. I don't see any evidence of that, and I don't know how you're going to prove it, and you haven't shown me. That's no abuse of discretion, Your Honor. That's a perfectly appropriate decision under 23B3. Unless the court has further questions. Okay, anything else? All right, thank you. Thank you. Five minutes for rebuttal. I'd like to address some factual representations that are simply baseless that have been asserted by the other side. First, there is not one dollar of the plaintiff's stake in this case has ever been satisfied. Not one dollar of the costs that continue to accrue, as recently as my hotel bill for last night, which are thousands and thousands of dollars, not a dollar of her attorney fees have been satisfied. There can be no question that her personal stake is as substantial today as it's ever been. Now, what happened below, which I found to be quite extraordinary, was a district judge ordering the parties to serve one upon the other a Rule 68 offer through a show cause order. Plaintiff at every stage below was absolutely clear about expressly reserving her right to appeal the class certification decision that had been made. In that position, what I propose is a plaintiff to do, a plaintiff who has been ordered by the district court under a threat of Rule 11 sanctions to accept a Rule 68 offer as to individual claims. Where is it in the record that he orders her to accept it? Well, that's how it arose, was through a show cause order that was entered sui sponte by the court ordering the defendant to serve upon plaintiff a Rule 68 offer, ordering her to accept it. And then your question was ordering her to accept it. Where's that? And then by way of a footnote, the court referenced Rule 11. And first, everybody knows that the relief the plaintiff is really seeking, of course, is relief on behalf of the class. What is a plaintiff to do? Proceed to trial and face that court on the merits of her individual claims. What do you mean, what is a plaintiff to do? There's nothing about Rule 68 that requires anybody to do anything. Well, okay. I mean, if you want to file a class action, file a class action. It's a very strange move to accept. You're not a great representative of the class when you've been taken care of. It arose after certification had been denied. And I think the cases are clear from the Supreme Court that the plaintiff's capacity as a representative for the class is distinct from her capacity as a representative for her individual claims. And there's nothing that says, in fact, all the cases say, that where the individual claims have expired or even become moot below, she continues to have standing to advocate on behalf of the class. And, indeed, perhaps her ability to do so is even greater and even more beyond reproach in that situation because she's no longer even advocating on behalf of herself. But this plaintiff, as I stand here today, has many, many thousands of dollars of personal stake in the litigation. And at every point, well— Is she stronger when she's not advocating on behalf of herself? Well— I don't really think that's how it works. She's not— That's the headless class action. She doesn't have a personal interest. Her personal interest is in the— which is what this court's Petrie decision says is in shifting her fees and costs in the event that certification is granted below. Because, to date, she's never received, not by way of a judgment— there's been no payment, but any relief as to the expenses that she incurred in advocating on behalf of the class. So they didn't pay the $250? Not a dime. They didn't pay the $250 because it's still on appeal? They certainly did not. And so they haven't paid the $64.17 either. But— Not a dime. But in terms of her contractual obligation, I guess, to you for your hotel bill and so on, I thought that that was not— that she was not contractually liable for that. Only because they say it's so. Well, no, I'm just asking you. That's not true. Is there a contingency fee agreement that says that she continues to be liable? There's a hybrid agreement that is partially contingency and partially hourly. We're required in Michigan to put contingency agreements in writing. But it is absolutely untrue and unsupported by any evidence below that she has no state. Is that agreement in the record? It's not—no. There is no agreement through formal discovery that's in the record. There was— There are bills that she hasn't paid? Oh, I'm sorry. They certainly—they would be in the record, at least in part, because of the fee litigation below. But I think—but it is absolutely, I think, undisputed that there's been no payment of any kind. As to whether she's, in fact, liable for those costs, is your agreement with her that says that she's liable? Yes. In the record? Where would we see that? Well, I'm representing to you today that it is. Okay, we can look for it. You know, I think typically that would be the case. You're representing that she's liable, not that it's in the record. No. I mean, I think it typically would— You can't tell what your answer was. Well, today I'm representing she is liable. I'm not certain as to whether it's in the record. Typically, and in Michigan, the rules of ethics require that the plaintiff remains liable for costs. Okay. Thank you. Thank you, counsel. The case will be submitted. The clerk may call the last case. Case number 14-4234, Kenneth Myers v. Kenny Myers, charged with bricklayers and trial parties in the National Commission of Funding Scholars. Please state your name and address. That will be so submitted, and you may adjourn court.